No. 01-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 304N

MICHAEL S. ROGERS,

Petitioner and Appellant,

v.

BOARD OF COUNTY COMMISSIONERS,

YELLOWSTONE COUNTY, MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Gregory R. Todd, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Michael S. Rogers (pro se), Worden, Montana

For Respondent:

Kevin R. Peterson, Deputy Yellowstone County Attorney, Billings, Montana

Submitted on Briefs: December 6, 2001
Decided: December 28, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Petitioner, Michael S. Rogers, filed a petition which was incorrectly denominated a "writ of mandamus" in the District Court for the Thirteenth Judicial District in Yellowstone County in which he sought a writ compelling the Respondent, Yellowstone County Board of County Commissioners, to remove obstructions from a right of way in Worden, Montana. Based on Rogers' failure to comply with procedural requirements and the District Court's conclusion that the petition was without merit, the District Court denied Rogers' petition. Rogers appeals the dismissal of his petition. We affirm in part and reverse in part the order of the District Court.

¶3 The sole issue on appeal is whether the District Court erred when it denied Rogers' petition for a writ of mandamus.

## FACTUAL BACKGROUND

¶4 Michael S. Rogers resides in Worden, Montana, an unincorporated community in Yellowstone County. Rogers does not maintain a registered vehicle and it is, therefore, necessary that he walk to the grocery store and post office.

¶5 From Rogers' house, the most direct route to the grocery store and post office traverses Lewis Avenue, a right of way maintained by the Yellowstone County Road Department. In the spring of 2001, Rogers wrote several letters to the Commissioners regarding obstructions along Lewis Avenue created by adjacent landowners. According to Rogers, these hazardous obstructions prevent pedestrians from walking along the side of the road in two particular areas. In response to one of Rogers' inquiries, Commissioner Reno indicated that Lewis Avenue appeared passable and advised Rogers to contact the local

sheriff with any further concerns.

¶6 On April 25, 2001, Rogers, appearing pro se, filed a document entitled "writ of mandamus," which we construe as a petition for relief, in which he requested that the District Court order the Commissioners to remove the hazardous obstructions. The District Court denied Rogers' petition on procedural grounds. On April 30, 2001, Rogers filed the same petition in the District Court with an accompanying affidavit in which Rogers attested to the truth of the matters contained in his petition. On May 1, 2001, the District Court denied Rogers' petition on procedural grounds for a second time and also concluded that the petition was without merit. Rogers appeals the order of the District Court which denied his petition for a writ of mandamus.

## STANDARD OF REVIEW

¶7 The issuance or denial of a writ of mandamus calls for a conclusion of law which we review to determine if it is correct. *Common Cause of Montana v. Argenbright* (1996), 276 Mont. 382, 390, 917 P.2d 425, 429.

## DISCUSSION

¶8 Did the District Court err when it denied Rogers' petition for a writ of mandamus?

¶9 Pursuant to § 27-26-102, MCA, the following two-part standard applies to the issuance of a writ of mandamus: (1) the writ is available when the party requesting it is entitled to the performance of a clear legal duty by the party against whom the writ is sought; and (2) if there is a clear legal duty, the district court must grant the writ if there is no plain, speedy, and adequate remedy available in the ordinary course of law. *Common Cause of Montana*, 276 Mont. at 390, 917 P.2d at 429-30. Title 27, Chapter 26, Part 2, MCA, sets forth the procedure one must follow to obtain, serve, and enforce a writ of mandamus.

¶10 The District Court denied Rogers' petition because of its conclusion that Rogers "failed to comply with the procedural requirements to obtain a writ of mandamus." Rogers, acting pro se, argues that he should be accorded some latitude rather than be held to strict adherence to procedural rules.

¶11 The District Court concluded that Rogers' petition was deficient because, among other things, it did not comply with §§ 27-26-201 and -202, MCA. Section 27-26-201, MCA,

requires that the writ be issued upon affidavit, on the application of the party beneficially interested. Section 27-26-202, MCA, provides that "the notice of the application, when given, must be at least 10 days or a shorter time, in the discretion of the court or judge."

¶12 While § 27-26-202, MCA, is not a model of clarity, we must construe it, if possible, in a manner that affords due process. Doing so, we conclude that § 27-26-202, MCA, requires notice of a petition for a writ be given to the named respondent. Here, Rogers petitioned the District Court to order an affirmative act, i.e., to compel the Commissioners to remove the alleged obstructions from Lewis Avenue. Yet, the Commissioners were not notified of Rogers' petition before the District Court. Therefore, we conclude that Rogers did not comply with § 27-26-202, MCA, when he filed his petition. While pro se litigants may be given a certain amount of latitude, that latitude cannot be so great that it deprives the party from whom relief is sought an opportunity to respond. Therefore, we conclude that the District Court did not err when it denied Rogers' petition for failure to give notice to the Commissioners and we need not decide whether Rogers' affidavit incorporating his petition by reference was adequate or whether other procedural conclusions drawn by the District Court were correct. We do note however, should this matter reappear before the District Court, that the procedural requirements of § 27-26-203, MCA (referring to the contents of the writ), and § 27-26-205, MCA (referring to service of the writ), do not pertain to the petition itself.

¶13 The District Court also stated that the writ of mandamus is not an appropriate remedy for Rogers because he cannot comply with the requirements of § 27-26-102(2), MCA. Section 27-26-102(2), MCA, provides that a writ of mandamus must be issued in all cases in which there is not a plain, speedy, and adequate remedy in the ordinary course of law. The District Court reasoned that it should not issue a writ of mandamus because Rogers "has a plain, speedy and adequate remedy . . . to walk on the other side of Lewis Avenue, walk around the pile of cement, or use an alternate route." Clearly, § 27-26-102(2), MCA, refers to an alternative *legal* remedy. Simply walking around a pile of cement is not the type of alternative legal remedy envisioned in § 27-26-102(2), MCA. However, we conclude that Rogers' allegations did not satisfy the requirements of § 27-26-102(2), MCA, because he did not allege that he was without a legal remedy. Therefore, the District Court would have been correct to dismiss Rogers' claim for failing to state facts which entitle him to relief.

¶14 The District Court also addressed the merits of Rogers' claim that the Commissioners had a duty to remove obstructions from Lewis Avenue pursuant to § 7-14-2133, MCA.

Rogers took photographs of the purported obstructions on Lewis Avenue and attached them to his petition. After it reviewed the photographs, the District Court concluded that "[b]y the plaintiff's own pictures, the pile of cement is not on a county road and the county road is not obstructed." Therefore, the District Court found no violation of § 7-14-2133, MCA. Rogers insists the District Court erred in this finding because the county road extends beyond the lateral line of the roadway to the landowners' property line.

¶15 Section 7-14-2133, MCA, provides:

> (1) When a county road becomes obstructed, the board of county commissioners, or the county surveyor if the surveyor is in charge, shall remove the obstruction upon being notified of the obstruction.

> (2) This section does not hold the board or any member responsible or liable for anything other than willful, intentional neglect or failure to act.

> (3) For the purposes of this section, "obstruction" means an obstacle, such as a rock or a fallen tree, that if not removed would remain in the road indefinitely. The word does not mean snow, ice, or any other obstacle that will melt or dissipate on its own accord.

¶16 The District Court cited no authority for its conclusion that the road, as referred to in § 7-14-2133, MCA, is limited to the paved portion and Rogers was given no opportunity to prove or demonstrate otherwise. Rogers' contention raises factual and legal issues which could not be resolved on the state of the record. Accordingly, we conclude that the District Court erred by deciding the merits of Rogers' petition based on the record before it and that part of the District Court order is not binding on the parties in the future should there be further litigation between the parties.

¶17 The District Court's dismissal of Michael S. Rogers' petition for a writ of mandamus on procedural grounds is affirmed. The District Court's decision on the merits of Rogers' petition is reversed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE